

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00492-CV

**IN THE INTEREST OF J.A.M.**, J.W.M., V.S.M., N.J.M., L.V.M., L.D.M., and D.A.M.,
Children

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-PA-01074
Honorable Kimberly Burley, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Patricia O. Alvarez, Justice
                 Beth Watkins, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: January 11, 2023

AFFIRMED

  Dad appeals the trial court's order terminating his parental rights to his children, J.A.M.,

J.W.M., V.S.M., N.J.M., L.V.M., L.D.M., and D.A.M.[1]  His court-appointed counsel filed an

*Anders* brief.  Dad submitted no response on his own behalf.  Because there are no arguable

grounds for review or reversible error, we affirm the trial court's order.

---

[1] We refer to Appellant and the children using aliases.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

## BACKGROUND

Dad's case was originally reported to the Department of Family and Protective Services after two of the children developed bruises that the parents could not justify.[2]  Around that time, Dad also had a warrant pending for his arrest based on the allegation that he strangled Mom.

Over the course of Dad's case, he refused to sign his service plan, and he refused to engage in services because he did not believe in the legitimacy of the Department's case.  Dad did not allow the caseworkers into his home, and he only visited his children twice.  Early in the case, Dad expressed his wish to relinquish his rights, but then stated that he changed his mind.  Nevertheless, Dad refused to participate in his case, including requests for drug testing.  He verbally abused one of the caseworkers who asked him to test.

Early in the case, the children asked about their parents, but after about six months, they stopped inquiring.  In counseling, the children mentioned that Dad would beat them with a belt and leave marks.  They mentioned their parents fighting in their presence, and they talked about Dad choking Mom.  The three oldest children stated that they did not want to return to their parents.  Visits with their parents, when they occurred, were emotionally detrimental to the children.  Neither the counselor nor the caseworkers involved in the case recommended that the children be returned to their parents.

Dad did not attend trial.  In the interest of the children's well-being, the trial court terminated Dad's parental rights.  The trial court cited, in addition to the children's best interests, subsections (D) (knowingly allowing children to remain in endangering conditions), (E) (knowingly endangering children), (N) (constructive abandonment), and (O) (failure to complete court-ordered services) of Texas Family Code section 161.001(b)(1).

---

[2] Mom's parental rights were also at issue during the trial, but this appeal only concerns Dad, and we only recite the facts related to his case.

At the time of trial, all seven children who were the subjects of this case were living with foster placements and doing well.

### ANDERS BRIEF

Dad's court-appointed counsel filed a brief containing a professional evaluation of the record and a motion to withdraw. The brief recites the relevant facts and procedural background, including brief summaries of the record. The brief summarizes witnesses' testimony which includes ample evidence supporting the trial court's findings. The brief concludes there are no arguable grounds to reverse the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures to parental rights termination cases). The record shows counsel sent a copy of the *Anders* brief, the motion to withdraw, and a form to request a free copy of the appellate record to Dad's last known address. Counsel thereby advised Dad of his right to review the record and file his own brief. We ordered Dad to file his pro se brief, if any, not later than November 2, 2022. This court received no brief, motion, or correspondence from Dad. The court's order was returned in the mail. *See In re Schulman*, 252 S.W.3d 403, 408 n.21 (Tex. Crim. App. 2008) ("A defendant who fails to keep his attorney informed of his current address forfeits the right to receive a copy of the *Anders* brief and the right to file a pro se brief.").

Having carefully reviewed the record and counsel's brief, we conclude the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence. We further conclude that there are no plausible grounds to reverse the termination order. We affirm the trial court's order.

### MOTION TO WITHDRAW

In his motion to withdraw, court-appointed appellate counsel cites the fact that Dad's appeal is frivolous and without merit. However, counsel's duty to Dad is not yet complete. *See*

TEX. FAM. CODE ANN. § 107.016(2); TEX. R. CIV. P. 10; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("If the [parent] wishes to pursue an appeal to the Supreme Court of Texas, 'appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.'") (quoting *In re P.M.*, 520 S.W.3d at 27–28).  The motion to withdraw is denied.

Patricia O. Alvarez, Justice